USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADONIJAH COLBOURNE,

                Plaintiff,

-against-

SARA J. MACKENZIE, CORRECTION
OFFICER,

                Defendant.

7:24-CV-9577-NSR

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Adonijah Colbourne ("Plaintiff") brings this action *pro se* against Defendant Sara J. MacKenzie ("Defendant"), a Correction Officer at Woodbourne Correctional Facility, pursuant to 42 U.S.C. § 1983, alleging a violation of his First Amendment right to be free from retaliation for engaging in protected activity. (Complaint, ECF No. 1.) Specifically, Plaintiff alleges that Defendant unconstitutionally retaliated against him for filing institutional complaints regarding missing package items by filing a misbehavior report based on false allegations that Plaintiff had threatened her life. *Id.* Pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 24.) For the reasons set forth below, Defendant's motion is GRANTED.

**BACKGROUND**

The following relevant facts are derived from the Complaint, and the documents appended thereto, and are assumed to be true for the purposes of resolving this motion.

**I.      Factual Allegations**

On July 12, 2022, Plaintiff received a package and noticed upon his inspection of it that "items amounting to about twenty-four pounds were missing." (Compl. ¶ 8). Plaintiff made several

inquiries about his missing items and was informed that they were not among any other items in the package room for him. (*Id*. ¶ 9.) Plaintiff then filed a complaint with the Office of Special Investigation ("OSI") who then directed Defendant to investigate Plaintiff's complaint. (*Id*.) Plaintiff alleges that the complaint to OSI had to be repeated a second time which resulted in all the missing items being returned by Defendant. (*Id*. ¶¶ 10-11.) Plaintiff further alleges that when he complained that second time, he was called down to the package area where Defendant told Plaintiff "You think you're smart, huh?" before handing him the remaining missing items. (*Id*.)

On July 12, 2023, a year after Plaintiff's missing package items issue, Defendant claimed she heard threats against her life at approximately 5:00 p.m. coming from D-Block, the housing unit in which Plaintiff resides along with approximately 120-130 incarcerated individuals. (*Id*. ¶13.) Upon looking at the direction from which the threats came from, which are the cells facing the parking lot, Defendant, as alleged by Plaintiff, asked the Officer in Charge ("OIC") of D-Block who resided in three specific cells. (*Id*. ¶14.) The OIC named Plaintiff as one of the three incarcerated individuals residing in the specific cells Defendant inquired about. (*Id*. ¶15.) Subsequently, Defendant reported the threats to her supervisor and wrote a misbehavior report, stating that she could see that it was Plaintiff yelling those threats. (*Id*. ¶17.) Plaintiff was later extracted from his cell, strip-frisked, searched, and placed in the Special Housing Unit ("SHU"). (*Id*. ¶¶ 15-16.)

On July 13, 2023, Plaintiff was served the misbehavior report containing the charge of "threats" and a hearing was scheduled, which started on July 14, 2023 and concluded on July 25, 2023. (*Id*. ¶18-19, Ex. J.) Following the hearing, Plaintiff was found not guilty due to inconsistencies in phone records and witness testimonies as Plaintiff testified and provided phone logs demonstrating that he was on a phone call at the time the alleged threats occurred. (*Id*. ¶ 20.)

## II.       Exhaustion of Administrative Remedies

On August 2, 2023, Plaintiff filed a grievance with the Inmate Grievance Resolution Committee ("IGRC"), alleging that Defendant had falsely accused him of threatening her on July 12, 2023, in retaliation for his prior complaints regarding his missing package items. (*Id.* ¶ 21; Ex. A.) The grievance was filed within twenty-one calendar days of the alleged occurrence, in accordance with DOCCS Directive 4040, § 701.5(a)(1). (*Id.* ¶ 22; Ex. D.) The IGRC acknowledged receipt of the grievance on August 2, 2023. (*Id.* ¶ 21; Ex. C.)

The Superintendent failed to render a decision within the twenty-five calendar day period required by Directive 4040, § 701.8(b), (f). (*Id.* ¶ 23.) On September 29, 2023, having received no response, Plaintiff exercised his right under Directive 4040, § 701.8(g) to appeal his unanswered grievance directly to the Central Office Review Committee ("CORC") by filing a Notice of Decision to Appeal with the IGRC. (*Id.* ¶ 24; Ex. E.) CORC received the appeal on October 4, 2023. (*Id.* ¶ 25; Ex. F.)

On January 26, 2024, Plaintiff received written confirmation from Rachael Seguin, Director of the Incarcerated Grievance Program, acknowledging receipt of the appeal and advising that a disposition would be issued following CORC's review. (*Id.*). Plaintiff waited an additional thirty days beyond CORC's receipt of the appeal, consistent with the thirty-day response period prescribed by Directive 4040. (*Id.* ¶ 26; Ex. G.) On September 16, 2024, having still received no decision from CORC, Plaintiff wrote to both the Woodbourne Incarcerated Grievance Program Supervisor, M. Hyman, and Director Seguin, inquiring about the status of the CORC decision. (*Id.* ¶ 27; Ex. H.) Supervisor Hyman responded that the CORC decision remained pending and would be forwarded upon receipt. (*Id.* ¶ 28; Ex. I.) As of the filing of the Complaint, Plaintiff had not

3

received a final decision from CORC. (*Id*. ¶ 29.) Plaintiff accordingly deems his administrative remedies exhausted pursuant to 42 U.S.C. § 1997e(a). (*Id*. ¶ 30.)

Based on the foregoing, Plaintiff brings forth this claim pursuant to 42 U.S.C. §1983 alleging that defendants violated his First Amendment rights.

## PROCEDURAL HISTORY

On December 12, 2024, Plaintiff commenced this action against Defendant. (ECF No. 1). On October 28, 2025, Defendant moved to dismiss Plaintiff's Complaint and filed a memorandum of law in support of its motion. (ECF Nos. 24–25). On November 6, 2025, in light of Plaintiff's failure to timely file an opposition to Defendant's motion to dismiss or seek an extension of time to do so, this Court deemed the motion fully submitted. (ECF No. 28.)

## LEGAL STANDARDS

### I.    Federal Rules of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. While the district court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, it is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether a plaintiff has pled sufficient facts to nudge their claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where

the allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). Where a "plaintiff has affirmatively pleaded that he exhausted his administrative remedies," the court may consider the administrative records annexed to the complaint and otherwise submitted as business records on a motion to dismiss. *Jones v. Harris*, 665. F. Supp. 2d 384, 391 (S.D.N.Y. 2009).

Where, as here, a plaintiff proceeds *pro se*, district courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In fact, district courts must interpret the *pro se* plaintiff's pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the district court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

### I.      Plaintiff's First Amendment Claim for Retaliation

#### A.      Applicable Law

To establish a *prima facie* case of retaliation for exercising First Amendment rights under 42 U.S.C. § 1983, a prisoner must allege: "(1) that the speech or conduct at issue was protected,

(2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)). Failure to adequately allege any one of the required elements warrants dismissal. *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012).

It is undisputed that Plaintiff's filing a series of complaints regarding his missing package items is protected activity under the First Amendment, thereby satisfying the first element. The Court therefore turns to the second and third elements: whether Defendant took adverse action against Plaintiff and whether there was a causal connection between Plaintiff's protected conduct and that adverse action.

### 1.  *Plaintiff Does Not Suffer An Adverse Action*

To sufficiently allege a First Amendment retaliation claim, Plaintiff must plausibly demonstrate that Defendant's action rose to the level of "adverse action" required for such claim. The Second Circuit has "defined 'adverse action' *objectively* as retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising…constitutional rights.'" *Gill*, 389 F.3d at 381 (quoting *Davis v. Goord*, 320 F.2d 346, 353) (2d Cir. 2003), *superseded by* 320 F.3d 346, 2003 WL 360053 (2d Cir. Feb. 10, 2003) (emphasis in original)). Here, two alleged acts could potentially constitute retaliatory adverse action: (1) Defendant's alleged comment, "You think you're smart, huh?," made when Plaintiff received the missing items from his package, and (2) Defendant's filing of a misbehavior report accusing Plaintiff of threatening her life.

To the extent Plaintiff alleges that Defendant's alleged comment constitutes an adverse action, Defendant correctly argues that such comments do not rise to the level of adverse action or suggest retaliatory intent. While courts have recognized that certain verbal statements may

6

constitute adverse action, such statements are "generally either quite specific in nature or made on a repeated basis." *Zielinski v. Annucci*, 547 F. Supp. 3d 277, 233 (N.D.N.Y. 2021) (quoting *Tirado v. Shutt*, 2015 WL4476027, at *4 (S.D.N.Y. July 15, 2015)). Here, the alleged comment was an isolated remark that, without more, would not deter another similarly situated prisoner of ordinary firmness from exercising their constitutional rights. Thus, Defendant's alleged comment does not rise to the level of an adverse action sufficient to sustain a First Amendment retaliation claim.

To the extent Plaintiff alleges that Defendant's filing a misbehavior report constitutes an adverse action, this argument also fails. First, the fact that Defendant mistakenly identified Plaintiff as the threat maker, and that Plaintiff ultimately was found not guilty at the disciplinary hearing, does not make her filing a misbehavior report retaliatory adverse action. "A prison inmate has no general constitutional right to be free from false accusations in a misbehavior report." *Jones v. Harris*, 665 F. Supp. 2d 384, 400 (S.D.N.Y. 2009) (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)). Further, a false accusation rises to the level of a constitutional violation only where it is made in retaliation for the prisoner's exercise of a constitutional right. *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 372 (N.D.N.Y. 2010). Here, the administrative record indicates that threats were in fact made against Defendant; thus, Defendant had a reasonable basis for filing a report. Where a defendant had a reasonable basis for filing a misbehavior report, no adverse action may be found absent plausible factual allegations—not mere conclusions—demonstrating that the defendant acted with retaliatory intent. *Thomas v. DeCastro*, 2021 WL 5746207, at *8 (S.D.N.Y. Dec. 1, 2021). Even considering that Defendant should have investigated further the source of the threats, "mere negligence is not enough to support a claim of retaliation. A plaintiff must show some evidence of retaliatory intent to cause the adverse effect." *Swinson v. City of New York,* 2022 WL 142407, at *11 (S.D.N.Y. Jan. 14, 2022). Here, there is no such evidence, particularly when

7

the Court considers that Defendant filed the misbehavior report a year after Plaintiff filed his grievances concerning his missing package items. Without plausible factual allegations giving rise to an inference of retaliatory intent, Defendant's filing of the misbehavior report alone does not constitute an adverse action.

### 2. Plaintiff Fails to Show a Causal Connection Between Protected Activity and Alleged Retaliation

As a threshold matter, because the Court has concluded that Plaintiff did not suffer an adverse action, Plaintiff necessarily cannot establish a causal connection between the protected activity and the alleged adverse action. Nonetheless, the Court considers the causation element for the sake of completeness.

To sustain a First Amendment retaliation claim, a prisoner must demonstrate a causal connection between the protected activity and the adverse action. *Pidlypchak*, 389 F.3d. at 380. The Court may consider several factors when determining whether a causal connection has been plausibly alleged, including "(1) temporal proximity between the protected activity and the alleged retaliatory act; (2) the prisoner's prior good disciplinary record; (3) the prisoner's vindication at his disciplinary hearing; and (4) the defendants' statements regarding their motive for the discipline." *Gomez v. Tedford*, 2016 WL 6081844, at *3 (N.D.N.Y. Sept. 20, 2016), *report & recommendation adopted*, 2016 WL 6072400 (N.D.N.Y. Oct. 17, 2016) (citation omitted). Here, the one-year gap between Plaintiff's filing of the grievance concerning the missing package items in July 2022 and Defendant's filing of the misbehavior report in July 2023 does not support an inference of causal connection. Coupled with the fact that Defendant was not the subject of the 2022 complaints—Plaintiff simply alleges Defendant was tasked with locating, and eventually provided, the missing items—and that no evidence suggests further interactions between Plaintiff and Defendant, the temporal proximity factor weighs heavily against finding a causal connection.

8

Further, Plaintiff "must allege, with respect to the third element, that the retaliatory motive was a 'but for' cause of the adverse action." *Thomas v. Jacobs*, 2025 WL 662899, at \*18 (S.D.N.Y. Feb. 28, 2025) (citing *Barkai v. Mendez*, 629 F. Supp. 3d 166, 198 (S.D.N.Y. 2022)). "In other words, '[i]t is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury.'" *Id.* (citing *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019)). Plaintiff suggests that "but for" his 2022 complaints, Defendant would not have filed a misbehavior report one year later accusing him of "threats." However, this argument fails because the administrative records demonstrate that actual threats were made to Defendant coming from the building in which Plaintiff was housed; therefore, Defendant had a reasonable basis for filing the misbehavior report, even if Plaintiff was mistakenly identified in the report and ultimately exonerated at the disciplinary hearing.

Accordingly, Plaintiff has failed to establish a *prima facie* case of retaliation for exercising First Amendment rights under 42 U.S.C. § 1983.

## II.    Qualified Immunity

Defendant argues that she should be afforded protection by qualified immunity. The qualified immunity doctrine protects federal and state officials from suit for acts undertaken in their official capacity if "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Wyant v. Okst*, 101 F.3d 845, 857 (2d Cir. 1996); *see Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Since, in the foregoing discussion, the Court finds that Plaintiff has failed to state a claim for a violation of his constitutional rights, the Court does not need to address the issue of qualified immunity presented before it.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's claims are dismissed without prejudice.

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F .3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted). However, "leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481,491 (2d Cir. 2006).

Plaintiff is granted leave to amend and may replead his claims. If he chooses to do so, Plaintiff will have until July 31, 2026 to file an Amended Complaint consistent with this Opinion and Order. Plaintiff is advised that the Amended Complaint will replace, not supplement, his Complaint, so any claims he wants to pursue must be included in or attached to the Amended Complaint. An Amended Complaint Form is attached to this Order. Defendant is then directed to answer or otherwise respond by August 28, 2026. If Plaintiff fails to file an Amended Complaint within the time allowed, and he cannot show good cause to excuse such a failure, the claims dismissed without prejudice by this Order will be deemed dismissed with prejudice.

The Court respectfully directs the Clerk of Court to (1) terminate the Motion at ECF No. 24; and (2) mail a copy of this Opinion & Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

SO ORDERED.

Dated: June 23, 2026
       White Plains, New York

_____
       Hon. Nelson S. Román
U.S. District Court Judge, S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

_____

_____

Do you want a jury trial?
☐ Yes     ☐ No

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State            Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 2:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 3:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 4:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6